J-S60037-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ERIC CARBAUGH | : | |
| | : | No. 401 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence February 7, 2017
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000443-2014

BEFORE:   OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                FILED OCTOBER 23, 2017

Appellant, John Eric Carbaugh, appeals from the judgment of sentence of 30 to 60 months' incarceration, entered on February 7, 2017, following the revocation of his probation for technical reasons.  We affirm.

The trial court sets forth the history of this case as follows:

Defendant [hereinafter "Appellant"] was arrested and charged with Robbery, Theft by Unlawful Taking, Simple Assault, Recklessly Endangering Another Person, and Harassment in connection with a theft of the victim in 2014.  The investigation eventually led to the filing of an Amended Information, which included Robbery (F2) at Count 1; Criminal Conspiracy to Commit Robbery (F2) at Count 2; Theft by Unlawful Taking (M1) at Count 3; Simple Assault (M2) at Count 4; Recklessly Endangering Another Person (M2) at Count 5; and Harassment (S) at County 6.  Appellant entered into a guilty plea in which Count 1, Count 2, and Count 6 were nol prossed, while Appellant pleaded guilty to Count 3, Count 4, and Count 5.

Following entry of the guilty plea, on April 28, 2015, Appellant was sentenced by the Hon. Oliver J. Lobaugh to an aggregate sentence

_____
* Former Justice specially assigned to the Superior Court.

of 11 months and 27 days to 24 months less a day, followed by 12 months' probation. Appellant's prior record score ("PRS") at the time of sentencing was RFEL. On or about December 9, 2015, Appellant was granted parole. On March 14, 2016, a bench warrant was issued, as Appellant had absconded. Following revocation, Appellant was resentenced on June 27, 2016 to serve the remainder of the originally-imposed jail time in the county jail, which expired July 30, 2016, followed by the year of probation.

On October 19, 2016, an Order [to detain Appellant] was issued by the [trial] court. Probation was formally revoked November 11, 2016, for Appellant's failure to report and changing addresses without notification. Appellant was resentenced on February 7, 2017. [The trial] court imposed a sentence of 30 to 60 months in a state institution at resentencing, along with the remainder of restitution owed, and with credit totaling 635 days served in Venango County Jail over two stints.

Appellant filed a timely Motion to Reconsider and Modify Sentence which was denied by th[e trial] court. Thereafter, Appellant filed a timely notice of appeal, and timely filed [a] Concise Statement of Matters Complained of on Appeal pursuant to [the trial] court's [Pa.R.A.P] 1925 Order.

Trial Court Opinion, 4/27/17 at 1-2.

Appellant presents the following questions for our review:

1. [Is] the lower court's sentence of total confinement, at the statutory maximum for Appellant's underlying offense following revocation of probation . . . manifestly unreasonable and an abuse of discretion in light of the fact the Appellant's probation violations were only technical and not for a new criminal offense[?]

2. [Did] the lower court abuse[] its discretion by imposing a sentence without giving consideration to all the relevant factors and sentence[] Appellant only on the basis of his prior record score without taking into consideration the negotiated plea agreement and other relevant sentencing factors under 42 Pa.C.S.A. Section 9721(b), including but not limited to rehabilitative needs[?]

Appellant's brief at 4.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. Commonwealth v. Cartrette, 83 A.3d 1031 (Pa.Super. 2013) (en banc) (explaining appellate review of revocation sentence includes discretionary sentencing challenges). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa.Super. 2000). Both of Appellant's claims concern the discretionary aspects of his sentence. See Sierra, 752 A.2d at 912 (holding argument assailing sentence as manifestly excessive given technical nature of probation violation implicated discretionary aspect of sentencing); See Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. 2015) (recognizing a claim that the trial court failed to consider a defendant's rehabilitative needs, at the expense of other 42 Pa.C.S. § 9721(b) factors, implicates the discretionary aspects of sentencing).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from

> > is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa.Super. 2006) (internal citations omitted). . . .

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. Commonwealth v. Malovich, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. Id.

> \* \* \*
>
> An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. Commonwealth v. McNabb, 819 A.2d 54, 57 (Pa.Super. 2003). Accord Commonwealth v. Wellor, 731 A.2d 152, 155 (Pa.Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). Compare Commonwealth v. Felmlee, 828 A.2d 1105, 1107 (Pa.Super. 2003) (en banc) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa.Super. 2002) . . . . "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." Id. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's

character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Devers, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). See also Commonwealth v. Tirado, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).

Commonwealth v. Moury, 992 A.2d 162, 170-171 (Pa.Super. 2010).

Instantly, Appellant filed a timely notice of appeal and provided this court with a Pa.R.A.P. 2119(f) statement in his brief. In that statement, he asserts that each of his claims presents a substantial question for our review. Appellant's brief at 7-8. Appellant also raised his claims in a post-sentence motion. See Motion to Reconsider and Modify Sentence, 2/17/17 at 1-2. Furthermore, we discern no defects with Appellant's Pa.R.A.P. 2119(f) statement. Accordingly, we turn to whether Appellant has raised a substantial question in the issues he raises in his Rule 2119(f) statement.

In Appellant's statement, he claims that his sentence of total confinement, at the statutory maximum for his underlying offense, was manifestly excessive where his parole was revoked for a technical violation. This Court has found "a substantial question is presented when a sentence of total confinement, in excess of the original sentence is imposed as a result of a technical violation of parole or probation. Sierra, 752 A.2d at 913. We find, therefore, that Appellant presents a substantial question for our review.

> Our standard of review of a revocation sentence is as follows:
> [T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. Once probation has been revoked, a sentence of total confinement

may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

Commonwealth v. Hoover, 909 A.2d 321, 322–23 (Pa.Super. 2006) (internal citations omitted).[1]

In Sierra, this Court upheld the exercise of discretion behind the imposition of a statutory maximum sentence following the revocation of probation. Sierra had pled guilty to first degree aggravated assault pursuant to a negotiated plea agreement and was sentenced to a term of 8 to 23 months' imprisonment in county prison, plus 3 years' consecutive probation. Four months into her release on parole, she was arrested for simple assault. Her parole was revoked and she was sentenced to the unexpired part of her original 23-month sentence, but was made eligible for parole in 3 months.

_____

[1] 42 Pa.C.S.A. § 9771(c) provides:

The court shall not impose a sentence of total confinement upon revocation [of probation] unless it finds that:

(1)   The defendant has been convicted of another crime; or

(2)   The conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)   Such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

While on parole for the second time, Sierra failed to report for scheduled appointments to her parole and probation officer, technical violations to which Sierra stipulated at her revocation hearing. At sentencing, the court reviewed her PSI and sentenced Sierra to a statutory maximum sentence of 5 to 20 years on her original offense to be served in state prison.

In affirming judgment of sentence, this Court gave great weight to the sentencing court's familiarity with Sierra's history of violent crime and the futility of probation and parole efforts to rehabilitate her. Such a history distinguished Sierra's case from existing decisional law invalidating revocation sentences of total confinement for technical violations where defendants had displayed redemptive behavior bringing them outside the ambit of Section 9771(c). Id. at 914-15 (comparing Commonwealth v. Cottle, 426 A.2d 598 (Pa. 1981) (holding total confinement improper for technical violation where defendant's probation had achieved rehabilitative purposes)).

In the case sub judice, we agree with the court's determination that Appellant's circumstances align with those driving the decision in Sierra. There was no dispute at the sentencing hearing that Appellant has been incarcerated for a majority of his life and has had trouble being supervised and following rules governing his conduct. N.T. at 17-18. Against this backdrop, the court explained that it was concerned Appellant, who, despite having received the benefit of concurrently-run, mitigated range sentences for violent crimes pursuant to a plea agreement, exhibited a scofflaw attitude when he absconded during parole/probation on two separate occasions. For

the first violation, the court revoked Appellant's parole and sentenced him to serve out the one-month remainder of his parole in county jail, with a one-year term of probation to follow. Upon Appellant's release on July 30, 2016, he again quickly spurned the authority of the court by absconding within the first month of his probation.[2]

_____

[2] At sentencing, the court clarified its reasons for imposing a sentence of total confinement as follows:

> The sentence, I have to be honest with you, when I looked at it – and it was mitigated range because even at the time of the original sentencing you were RFEL which put your guideline ranges in the standard range of 12 to 18 months on this court. You were paroled and virtually [sic] immediately absconded. You then were arrested again and basically the same sentence was re-imposed just finish out that parole and another one-year probation and then upon parole you immediately absconded.
>
> * * *
>
> All right. The problem is you were given a huge break the first time, you were given a huge break the second time and both times you absconded immediately upon being released when the guidelines the very first time said you should be going to state. I don't see [there's] any other question, but this is a third bite at the apple.
>
> * * *
>
> Court is imposing total confinement because the defendant has significantly and repeatedly violated conditions of supervision. This is the second revocation of the defendant's supervision both times for absconding supervision. Conduct of the defendant indicates that the defendant will commit another crime if not imprisoned. The sentence of imprisonment is essential to vindicate the court.

N.T. 2/7/17 at 18-19, 20-21, 23.

The rehabilitative purposes of parole and probation were not, therefore, manifest in such a record of recent defiance. When viewed in conjunction with Appellant's long record of incarceration and the violent nature of his underlying crimes, the court's conclusion that continued attempts at rehabilitation within the context of probation would prove ineffective was well-founded. To the extent, therefore, the court deemed imposition of a statutory sentence of two and one-half to five years' incarceration, with 635 days' credit for time served, as necessary to vindicate its authority and prevent future crime, we discern no abuse in its exercise of sentencing discretion.

In Appellant's second claim, he raises the closely-related argument that the sentencing court "did not adequately consider all of the relevant sentencing factors, chiefly his rehabilitative needs." Appellant's brief (Pa.R.A.P. 2119(f) statement) at 8. This claim raises a substantial question for our review. See Commonwealth v. Riggs, 63 A.3d 780, 786 (Pa. Super. 2012) (holding the argument that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense[,] and the rehabilitative needs of" the appellant, raises a substantial question).

The record discussed above, however, belies Appellant's claim. As noted, our Supreme Court has ruled that "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v.

Devers, 546 A.2d 12, 18 (Pa. 1988). Here, the court acknowledged that it had the benefit of Appellant's pre-sentence report. N.T. 2/7/17 at 15-16, 18, 20. Furthermore, as observed, the court's assessment of Appellant during the sentencing hearing demonstrated that it fully considered all relevant factors prior to imposing sentence. Accordingly, Appellant's argument affords him no relief.

Judgment of sentence is AFFIRMED.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/2017