J-S77023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEONARD OMAR RILEY | : | |
| | : | |
| Appellant | : | No. 294 MDA 2017 |

Appeal from the Judgment of Sentence January 11, 2016
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005649-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED JANUARY 19, 2018**

Leonard Omar Riley appeals from the judgment of sentence entered in

the Court of Common Pleas of Dauphin County. We affirm.

The trial court summarized the facts as follows:

On June 4, 2014, Detective Nicholas Licata of the City of
Harrisburg Bureau of Police Vice Unit was searching for [Riley],
[who was] wanted by Pennsylvania State Police for absconding
from supervision. Detective Lictata located [Riley's] vehicle, a
black Chrysler 300, parked at the 1400 Block of Shoop Street in
Harrisburg. A person Detective Licata believed was [Riley]
entered the vehicle, then made an illegal three point turn on a
one-way street. Assisted by members of the Pennsylvania
Attorney General's Office Bureau of Narcotics Investigation, [a]
police vehicle blocked the Chrysler 300 and detained the driver,
identified as [Riley].

Trial Court Opinion, 5/25/17, at 2-3 (citations omitted). Riley was arrested

pursuant to a warrant. A search incident to that arrest revealed a Newport

cigarette box containing .64 grams of cocaine in a corner-tie bag and $115 in

_____

\* Former Justice specially assigned to the Superior Court.

cash. A search warrant was issued to retrieve the text messages on the cell phone found on Riley's person.

Riley was tried before the Honorable John F. Cherry and convicted of possession with intent to deliver (PWID) (cocaine), 35 P.S. § 780-113(a)(30), and possession of drug paraphernalia, 35 P.S. 780-113(a)(32). The court sentenced him to 39-78 months' incarceration.

On appeal, Riley argues the verdict was against the weight of the evidence with respect to his PWID conviction and the court's sentence was an abuse of discretion. These claims are meritless.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

**Commonwealth v. Chamberlain**, 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." **Commonwealth v. Handfield**, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting **Commonwealth v. Cain**, 29 A.3d 3, 6 (Pa. Super. 2011)). **See Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013).

In support of his weight of the evidence claim, Riley contends that he testified that the packaged cocaine in his possession was for his personal use, that the amount was consistent with personal use, that there was no evidence that he was engaged in drug-dealing activity on the date he was arrested, and that there was conflicting evidence with respect to his employment or lack thereof. Riley also argues that no weight should have been given to the text messages referencing drug dealing activity that were found on the cell phone in his possession. Appellant's Brief, at 17.

The court heard testimony from Chief Detective John Goshert of the Dauphin County Criminal Investigation Division, who was qualified as an expert in drug trafficking, and Detective Nicholas Licata, the arresting officer. Both testified that the packaging of the cocaine was not consistent with personal use, but instead was consistent with "street level drug dealing." N.T. Trial, 1/11/16, at 18, 31, 37-38. Further, the cellphone text messages that were admitted identified Riley, by his middle name (Omar), and contained messages involving drug-related conversations with respect to meeting for and asking for drugs.[1] The trial court, sitting as finder of fact, referenced the findings it made on the record at the conclusion of trial:

> [I]t has become clear to this Court through all the testimony here that it's well beyond a reasonable doubt that the drugs possessed on that day were possessed with the intent to deliver. The phone

---

[1] The issue of authentication of the text messages was not raised at trial. **See** Pa.R.A.P. 302(a); **see also Commonwealth v. Koch**, 39 A.3d 996 (Pa. Super. 2011), affirmed by equally divided court, 106 A.3d 705 (Pa. 2014); Pa.R.E. 901.

texting backs that up, the messages that were found on the phone that was in his possession that he admits he had prior to June 4th, which have drug trafficking messages on them. We find the evidence is overwhelming, and we find him guilty of possession with intent to deliver crack cocaine and unlawful possession of drug paraphernalia, which was the box that the drugs were contained in and the plastic baggy.

N.T. Trial, 1/11/16, at 58-59.

The trial court, sitting as finder of fact, evaluated the evidence, determined the credibility of the witnesses and, when assessing the weight of the evidence, believed the evidence presented by the prosecution and determined that the evidence overwhelmingly proved that Riley possessed the cocaine with the intent to deliver. *See id*. at 56-58. It is not this Court's function to reassess the credibility of the witnesses or reweigh the evidence. We conclude, therefore, that the court did not abuse its discretion when it denied Riley's weight of the evidence claim. *See Chamberlain*, 30 A.3d at 396 ("A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant.").

Next, Riley argues his sentence of 18 to 36 months was excessive and an abuse of discretion. He acknowledges that the sentence is within the sentencing guidelines, but states that application of the guidelines is unreasonable given his "history and background[,]" and that the court "focused solely on the nature of the criminal conduct[.]" Appellant's Brief, at 14, Pa.R.A.P. 2119(f) Statement.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006). Riley has complied with the first three requirements of the four-part test. We find, however, that he has failed to raise a substantial question that the sentence imposed was inappropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra**, **supra** at 912–13.

"[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." **Commonwealth v. Berry**, 785 A.2d 994, 996-97 (Pa. Super. 2001) (internal citation omitted) (emphasis in original). **See also**

*Commonwealth v. McKiel*, 629 A.2d 1012 (1993) (allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors does not raise substantial question). Such a challenge goes to the weight accorded the evidence and will not be considered absent extraordinary circumstances. *McKiel*, 629 A.2d at 1013. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (claim that trial court failed to consider defendant's rehabilitative needs, age, and educational background did not present substantial question); *Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). We conclude, therefore, that Riley has failed to raise a substantial question that the sentence imposed was inappropriate under the Sentencing Code.[2]

_____

[2] Even were we to reach the merits of Riley's sentencing claim, he would not be entitled to relief. The record belies Riley's claim that the court failed to consider his history and background. Judge Cherry stated on the record that he has "known this young man for many, many years," and that he had "a serious past." N.T. Trial, 1/11/16, at 58, 60. The court stated:

You already have a prior record score of 5, and a felony drug conviction and other felony offenses. Escaping. You have an escape, manufacturing, delivery, escape. And you already pled guilty to criminal conspiracy to manufacture a counterfeit controlled substance. You have a record of flight to avoid apprehension where you got 12 months' probation. Everything that's indicated here indicates that you have continued a life of crime. Now we go back to 2005, where I sentenced you; possession with intent to deliver, escape, resisting arrest. Those were all probationary sentences. You've already done four to

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2018

---

eight years in a state penitentiary for firearms, firearms carrying without a license, recklessly endangering another person. It's sad to watch all of this.

*Id.* at 60-61. Clearly, the court was well aware of Riley's history and background.