**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Howard WELLOR a/k/a Howard Keillor, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1999.

Filed May 17, 1999.

Mitchell A. Kaufman, Public Defender, Pittsburgh, for appellant.

James R. Gilmore, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before DEL SOLE, STEVENS and OLSZEWSKI, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following Appellant's conviction on the charges of indecent assault, simple assault, and the summary offense of harassment. On appeal, Appellant contends that his sentence was excessive and that the trial court failed to place adequate reasons on the record for the imposition of his sentence.[1] We affirm.

¶ 2 The relevant facts and procedural history are as follows: In the early evening of April 28, 1997, the victim and her six-year-old daughter exited their car, which was located in an enclosed parking garage of a shopping mall, and walked toward the locked door of a daycare facility, where the victim's other child had spent the workday. As they approached the door, the victim noticed a man mumbling to himself. The victim, who was seven months pregnant, instructed her daughter to ignore the man, and the two continued walking toward the daycare's door. In a matter of seconds, Appellant ran toward the victim and shouted at her in slurred speech, "[w]hy aren't your lights on, you better turn your lights on, you don't you know you are supposed to have your lights on?" N.T. 9/11/97 at 9. Appellant then grabbed the victim by the shoulders, shook her, and banged her head against a cement wall. Appellant also grabbed the victim's breasts, causing the victim pain.

---

1. Appellant does not dispute that his sentence is within the statutory limits.

¶ 3 Frightened for her safety, as well as that of her daughter and unborn child, the victim screamed at her daughter to ring the doorbell of the locked daycare facility. The child did so and the victim and the child went inside in an attempt to flee from Appellant; however, Appellant followed the duo into the facility and continued yelling at and following the victim. As the victim called 911, Appellant continued to assault her until the victim "threatened him with a hole punch or something." N.T. 9/11/97 at 13. Appellant fled the building before the police arrived; however, he was later apprehended and charged with various crimes in connection with the incident.

¶ 4 On September 11, 1997, Appellant proceeded to a bench trial and was convicted of indecent assault, simple assault, and harassment. The lower court sentenced Appellant to six to twelve months for indecent assault, and three to six months for simple assault, the sentences to run consecutively. The resulting aggregate sentence was nine to eighteen months incarceration. No period of incarceration was imposed as a result of the summary conviction. Represented by new counsel, Appellant filed this timely appeal.

¶ 5 On appeal, Appellant's contentions are (1) that his aggregate sentence is manifestly excessive since the lower court failed to consider a mitigating factor in sentencing Appellant in the aggravated range for both his indecent assault and simple assault convictions, (2) that his aggregate sentence is manifestly excessive since consecutive sentences were imposed, and (3) the lower court failed to state adequate reasons supporting its imposition of Appellant's sentence.[2]

¶ 6 Appellant's challenges are to the discretionary aspects of his sentence, and, as such, they must be considered a petition for permission to appeal, as the right to appeal from the discretionary aspects of sentencing is not absolute. *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*). Before a challenge to the sentence will be heard on the merits, an appellant must set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Here, Appellant has set forth a separate statement, as required by Rule 2119(f), by which he attempts to demonstrate that a substantial question exists regarding the appropriateness of the sentence imposed.

The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the

<hr>

2. In its brief, the Commonwealth avers that Appellant has waived his challenges to the discretionary aspects of sentencing since he failed to file a post-sentence motion. Generally, the failure to file a post-sentence motion results in waiver of challenges to the discretionary aspects of sentencing. *See Commonwealth v. Shotwell*, 717 A.2d 1039 (Pa.Super.1998). *But See Commonwealth v. Clinton*, 453 Pa.Super. 385, 683 A.2d 1236 (1996) (holding that the absence of a post-sentence motion does not result in waiver of claims that the trial court failed to state its reasons for the imposition of a sentence on the record). In his reply brief, Appellant admits that a post-sentence motion was not filed. However, he responds to the Commonwealth's allegation of waiver by indicating that trial counsel was ineffective in failing to file a post-sentence motion or otherwise raise Appel-

lant's issues in the lower court. Moreover, Appellant claims that, even though his trial and appellate attorneys are from the same public defender's office, this Court is permitted to review his sentencing claims and need not remand for an evidentiary hearing since counsel's failure to file a post-sentence motion is clear from the record. *See Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10 (1986).

We have decided to address the merits of Appellant's sentencing claim. However, for the reasons discussed *infra*, we conclude that Appellant's sentencing claims are meritless and, therefore, that trial counsel was not ineffective in failing to raise the issues in the lower court. *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204 (1994) (holding that in order for counsel to be ineffective, Appellant must prove, *inter alia*, that the underlying claim is of arguable merit).

trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Andrews*, 720 A.2d 764, 766–67 (Pa.Super.1998) (citation and quotation omitted).

¶ 7 In his first issue, Appellant claims that his indecent assault and simple assault sentences, which were in the aggravated range, were manifestly excessive since the lower court failed to consider a mitigating factor in sentencing him.[3]

¶ 8 This Court has held that:

an allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors is, in effect, a request for this [C]ourt to substitute its judgment for that of the lower court in fashioning [A]ppellant's sentence. Such an allegation does not raise a substantial question that the sentence imposed was in fact inappropriate.

*Commonwealth v. Rivera*, 432 Pa.Super. 125, 637 A.2d 1015, 1016 (1994) (citation omitted).

 ¶ 9 In his second issue, Appellant alleges that his sentence was manifestly excessive since the lower court imposed consecutive sentences, instead of concurrent sentences, for his indecent assault and simple assault convictions.

[I]n imposing sentence, a trial judge has the discretion to determine whether, given the facts of a particular case, a given sentence should be consecutive to, or concurrent with, other sentences being imposed. For this reason, this Court has previously held that such a challenge 'does not present a substantial question regarding the discretionary aspects of sentence.'

*Commonwealth v. Rickabaugh*, 706 A.2d 826, 847 (Pa.Super.1998) (quoting *Commonwealth v. Hoag*, 445 Pa.Super. 455, 665 A.2d 1212, 1214 (1995)).

¶ 10 In his final issue, Appellant claims that the lower court failed to state on the record adequate reasons for imposing sentences in the aggravated range. This Court has held that such a challenge to the sentence raises a substantial question. *Commonwealth v. Coss*, 695 A.2d 831 (Pa.Super.1997). As such, we shall address the merits of this issue.

¶ 11 During the sentencing hearing, the lower court stated that it considered the pre-sentence investigation report, which made reference to Appellant's numerous prior criminal convictions, his educational and family history, his work experience, his violent temper, his unresponsiveness to rehabilitation, and the destructive effect his actions had on the victim. Moreover, the lower court stated that it considered the Sentencing Guidelines' recommended ranges and considered the statements made by Appellant and his counsel. The lower court discussed the circumstances surrounding the assault, the fact that the victim's six-year-old child witnessed the attack, and the victim's subsequent physical ailments and mental anxiety. Finally, the lower court characterized Appellant's behavior as "remarkably aberrant," concluded that Appellant was "an absolute menace," and voiced the need to protect society from Appellant. N.T. 10/28/97 at 15–16.

¶ 12 Based on the aforementioned, we conclude that the trial court properly weighed all of the relevant factors and provided adequate reasons on the record for sentencing Appellant in the aggravated range. As such, we find no merit in Appellant's claim and no reason to conclude that the lower court abused its discretion.

¶ 13 Judgment of Sentence Affirmed.

---

**3.** Appellant contends that he approached the victim because he was angry that she was driving with her vehicle's headlights turned off and he was worried about the safety of his own child. This factor, Appellant contends, is a mitigating factor.