J-S61029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH CARTAGENA | |
| Appellant | No. 165 MDA 2015 |

Appeal from the Judgment of Sentence of September 3, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000758-2014

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 09, 2015**

Joseph Cartagena appeals the September 3, 2014 judgment of sentence.  We affirm.

The sentencing court summarized the history of this case as follows:

The facts which gave rise to this action occurred on December 20, 2013, at approximately 3:22 p.m.  On that date and time, officers of the Larksville Police Department were dispatched to investigate a hit and run motor vehicle accident.  When they arrived at the scene, the officers found a vehicle with heavy damage to the rear driver side wheel/quarter panel area and the rear window was also observed to be smashed out of the vehicle. The driver of the damaged vehicle was being treated for injuries.

[While the Larksville officers were still at the accident scene, t]he fleeing vehicle and driver were found in an adjoining town, Edwardsville, Pennsylvania.  When [Cartagena] was identified as the driver, he was reported to have glossy eyes and slurred speech.  [Cartagena] agreed to take a breathalyzer test, which

_____

[*]    Retired Senior Judge assigned to the Superior Court.

gave a positive reading for alcohol. At that time, [Cartagena] admitted that he had consumed two 24[-]ounce beers about two hours prior to the stop. He was then taken into custody. A chemical blood test was conducted [approximately one and one-half hours after the accident], with the agreement of [Cartagena], and revealed that [Cartagena] had a blood alcohol level of 0.174%.

On June 20, 2014, [Cartagena] entered into a negotiated guilty plea[1] to three counts: (1) [driving under the influence ("DUI")] – 2nd offense (misdemeanor); (2) accident[s] involving [death or] personal injury while not properly licensed [("AIDPI")] (misdemeanor of the second degree); and (3) DUI – highest rate of alcohol – 2nd offense (misdemeanor of the first degree). Subsequent thereto, on September 3, 2014[, Cartagena] was sentenced as follows: [fourteen to twenty-eight months in prison to be followed by one year of probation for DUI – highest rate, of which the first ninety days were the applicable mandatory minimum sentence, and a concurrent twelve to twenty-four month sentence for AIDPI. The sentencing court determined that the first DUI count merged with DUI – highest offense for sentencing purposes.]

[Cartagena] filed a [timely] motion for reconsideration of sentencing that was denied [on September 12, 2014].

Sentencing Court Opinion, 6/10/2015, at 1-2 (capitalization modified).

On October 9, 2014, Cartagena filed a notice of appeal. On October 14, 2014, the sentencing court ordered Cartagena to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After being granted an extension, Cartagena timely filed his concise statement. On June 10, 2015, the sentencing court filed its opinion pursuant to Pa.R.A.P. 1925(a).

_____

1    Although the court and the parties refer to this as a negotiated plea, the parties had no agreement about the sentence.

Cartagena raises one issue on appeal:

Whether the [sentencing] court abused its discretion by sentencing [Cartagena] in the aggravated guideline range in regards to Count 2, accidents involving death or personal injury, not properly licensed, graded as a misdemeanor of the second degree, to a period of incarceration of 12 to 24 months, when the standard range for this offense was one to nine months and the court failed to state its reasons on the record for sentencing in the aggravated range?

Cartagena's Brief at 1 (capitalization modified).

Cartagena's challenge implicates the discretionary aspects of his sentence. As such, we review the sentencing court's sentence for an abuse of discretion. **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014). Further,

[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.** (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)) (citations omitted).

Instantly, Cartagena filed a timely notice of appeal, and he preserved the issue in his motion to reconsider his sentence. When challenging

discretionary aspects of sentence, an appellant must include a concise statement, pursuant to Pa.R.A.P. 2119(f), that "articulate[s] 'the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006). We then examine the Rule 2119(f) statement to determine whether the appellant has raised a substantial question. **Id.** Cartagena's brief contains a Rule 2119(f) statement.[2] Cartagena's Brief at 5. Therefore, we must determine whether he has raised a substantial question.

Cartagena asserts that the sentencing court sentenced him in the aggravated range and failed to state its reasons for doing so on the record. **Id.** We previously held that such a claim raises a substantial question. **See Commonwealth v. Simpson**, 829 A.2d 334, 338 (Pa. Super. 2003);

---

[2] Arguably, Cartagena's Rule 2119(f) statement, which consists of one sentence without any citation to authority and baldly asserts that "[t]he [sentencing] court['s failure] to state its reasons for sentencing in the aggravated range, raises a 'substantial' question, which permits appellate review of discretionary aspects of [Cartagena's] sentence," **see** Cartagena's Brief at 5, is inadequate because there is little to examine in order to determine whether Cartagena raised a substantial question. However, "[i]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." **Shugars**, 895 A.2d at 1274. Here, the Commonwealth has asserted no objection to Cartagena's Rule 2119(f) statement.

*Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999).

Therefore, we proceed to the merits of Cartagena's appeal.

Cartagena argues that he was sentenced in the aggravated range for AIDPI, but that the court did not state any reasons for sentencing in that range. Cartagena asserts that the sentencing court listened to his and the Commonwealth's arguments and moved directly to announcing the sentence. Without stating its reasons, Cartagena contends that he cannot be assured that the sentencing court did not rely upon impermissible factors in pronouncing his sentence. Cartagena's Brief at 6-7.

We have held as follows:

> A sentencing court must state its reasons for the sentence on the record. A sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he has been informed by the [pre-sentence investigation ("PSI")] report.

*Commonwealth v. Burns*, 765 A.2d 1144, 1151 (Pa. Super. 2000) (citations omitted).

The sentencing court provided several reasons for the sentence imposed. The sentencing court stated that it had reviewed the PSI. Notes of Testimony, 9/3/2014, at 9. The sentencing court demonstrated an awareness of Cartagena's medical issues. *Id.* at 7-9. The sentencing court noted the victim's testimony regarding her continued medical problems and missed work. *Id.* at 4, 9. The sentencing court also remarked upon the seriousness of the offense, saying that "[a]nother person's life was almost

taken by [Cartagena's] actions." *Id.* at 13. The sentencing court cited Cartagena's prior record of both misdemeanors and felonies, as well as a prior DUI. *Id.* at 4-5, 13. Based upon the sentencing court's reliance upon the PSI and its statements on the record, the sentencing court provided sufficient reasons for sentencing Cartagena in the aggravated range. Cartagena's claim that the sentencing court did not provide reasons for its sentence is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015