J-S69022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
   :  PENNSYLVANIA
   :
v.  :
   :
   :
   :
COREY D. PALSON  :
   :
Appellant  :  No. 75 MDA 2018

Appeal from the Judgment of Sentence December 20, 2016
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003256-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:  **FILED NOVEMBER 30, 2018**

Corey D. Palson appeals from his judgment of sentence, entered in the Court of Common Pleas of Cumberland County, following his conviction of three counts of drug delivery resulting in death;[1] three counts of possession with intent to deliver heroin;[2] and one count of conspiracy to possess heroin with intent to deliver.[3]  After review, we affirm Palson's conviction, but we vacate his judgment of sentence and remand for resentencing.

Palson was charged in connection with three separate deaths.  Lorraine Avery died from a drug overdose that was reported to the Middlesex Township Police on May 2, 2015.  Michael Sullivan died from a drug overdose that was

_____

[1] 18 Pa.C.S. § 2506.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 903.

reported to the Hampden Township Police on May 14, 2015. At the scene of both incidents, police found empty glassine bags stamped "M*O*B." At trial, Avery's sister testified that the evening before Avery was found dead, "Avery had obtained a ride from a friend . . . whom she asked to drive her to meet a person who was going to lend her money, and that first they would be dropping this person off somewhere along the way as part of the shared ride." Trial Court Opinion, 4/17/18, at 5. The person Avery met with was Jesse Blais, Palson's codefendant charged with the deaths of Avery and Sullivan. At trial, Blais testified that he bought the "M*O*B product" from Palson and that Palson was his only source of the "M*O*B product." On June 6, 2016, Nicholas Tubbs died in a car crash in Silver Spring Township. At the scene of the accident, the police found a pedicure kit in the vehicle. Inside the pedicure kit was a blue glassine bag and a "bundle" of what the officer believed to be heroin, stamped "M*O*B."

Following trial, a jury convicted Palson of the abovementioned offenses. The court sentenced him to an aggregate term of 378 to 756 months' imprisonment. Both Palson and the trial court have complied with Pa.R.A.P. 1925. Palson raises two issues on appeal: (1) whether 18 Pa.C.S.A. § 2506 is unconstitutionally vague as applied to Palson; and (2) whether the trial court abused its discretion by imposing an aggravated sentence for each of the three convictions for drug delivery resulting in death and then an additional consecutive aggravated sentence for criminal conspiracy.

Palson first claims that the drug delivery resulting in death statute, 18 Pa.C.S.A. § 2506, is unconstitutionally vague as applied to him.  We disagree.

Section 2506 provides, in pertinent part:

(a)     Offense defined.—A person commits a felony of the first degree if the person intentionally administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance or counterfeit controlled substance in violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act, and another person dies as a result of using the substance.

18 Pa.C.S.A. § 2506(a).

To withstand constitutional scrutiny based on a challenge of vagueness, a criminal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352 (1983).  In addition, "vagueness challenges which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Commonwealth v. Heinbaugh*, 354 A.2d 244, 245 (Pa. 1976) (quotation omitted).  When reviewing whether a statute is unconstitutionally vague, we presume the statute is constitutional and will only be invalidated if it "clearly, palpably and plainly violates the Constitution." *Commonwealth v. Davidson*, 938 A.2d 198, 207 (Pa. 2007).

This case is controlled by our recent decision in *Commonwealth v. Storey*, 167 A.3d 750 (Pa. Super. 2017).  There, Storey sold heroin to a buyer, who then sold it to Donald J. O'Reilly, a recovering heroin addict.

- 3 -

Thereafter, O'Reilly died of a heroin overdose. Storey was convicted of drug delivery resulting in death. On appeal, he challenged the constitutionality of the statute as applied to him. Storey argued that because he did not specifically intend to sell heroin to O'Reilly and was unaware that O'Reilly would ultimately ingest the drugs, he could not be liable under the statute. Storey further argued that because he was unaware of O'Reilly's existence at the time he sold the drugs, "he could not have had the reckless state of mind that O'Reilly might die as a result of [Storey's] drug sales." 167 A.3d at 757. In rejecting this argument, we stated:

> Under the holding of [**Commonwealth v.**] **Kakhankham**, [132 A.3d 986 (Pa. Super. 2015)], and the statute's own words, this difference is immaterial. The statute requires that "another person dies as a result of using the substance [sold]." 18 Pa.C.S.A. § 2506(a) (emphasis added). It does not require the death of the person to whom the defendant originally sold the illegal substance. Therefore, section 2506 clearly applies to Storey's conduct; but for Storey's illegal sale of drugs, O'Reilly would not have died. . . . For the foregoing reasons, section 2506 is not unconstitutionally vague as applied to Storey.

**Storey**, 167 A.3d at 757.

Similarly, here, Palson contends the statute is unconstitutional as applied to him because he did not engage in a transaction with the victims and was not aware that the sale of drugs to Blais would result in the deaths of the ultimate victims. Pursuant to **Storey**, this argument fails. It is immaterial whether Palson knew the victims existed. The first element of section 2506(a) requires only that the defendant intentionally sell drugs. Here, Palson intentionally sold drugs to Blais. The second element requires

that another person die as a result of using the substance; it does not require the person be the person to whom defendant originally sold the substance. Further, pursuant to **Storey**, the recklessness mens rea is satisfied where a person died because of the sale of heroin. **See Storey**, 167 A.3d at 757 ("Since the dangers of heroin are so great and well-known . . . the sale of heroin, itself, is sufficient to satisfy the recklessness requirement when a death occurs as a result of the sale.")(citing **Kakhankham**, 132 A.3d at 995-96). Therefore, we conclude that section 2506 it is not unconstitutionally vague as applied to Palson.

Palson next claims that he trial court abused its discretion "when it sentenced [him] to an aggravated-range sentence resulting in a sentence that was unreasonable." Appellant's Brief, at 10. This claim implicates the discretionary aspects of Palson's sentence. To determine if this Court may review such a claim, we employ a four-part test:

> (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal detect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Commonwealth v. Evans**, 901 A.3d 528, 533 (Pa. Super. 2006) (internal citation omitted).

- 5 -

The trial court sentenced Palson on December 20, 2016 and Palson filed a timely post-sentence motion and notice of appeal.[4]  Palson, therefore, has preserved his sentencing issue.  Additionally, Palson has included in his appellate brief a Pa.R.A.P. 2119(f) statement.  **Evans**, **supra**.

We must now assess whether Palson presented a substantial question. "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the Sentencing Code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013).  A defendant raises a substantial question if he alleges that a court has failed to adequately state on the record its reasoning for imposing an aggravated-range sentence.  **Commonwealth v. Wellor**, 731 A.2d 152, 155 (Pa. Super. 1999).

Here, the sentencing court imposed consecutive sentences for each of the three counts of drug delivery resulting in death and a consecutive sentence

_____

[4] On December 21, 2016, Palson filed a petition in arrest of judgment, modification of sentence and request for new trial.  The court denied this petition on January 9, 2017 and appointed post-trial counsel on February 14, 2017.  On February 24, 2017, counsel filed a request for reconsideration requesting 90 days to prepare for argument.  The trial court granted Palson 45 days to file supplemental post-sentence motions.  On April 3, 2017, counsel sought an additional 45 days to submit post-sentence motions, which the court granted.  On May 31, 2107, counsel filed an amended post-sentence motion and, therefore, counsel sought leave to vacate the appointment due to a conflict of interest.  The court appointed new counsel and allowed new counsel an additional ninety days to file an amended post-sentence motion. Counsel filed a post-sentence motion on September 14, 2017, and the trial court denied it on December 14, 2017.  Palson filed his timely notice of appeal on January 11, 2018.

for the criminal conspiracy count. Palson asserts that the sentencing court abused its discretion by failing to state its reasons for sentencing in the aggravated range. At sentencing, the court stated, "[N]o lesser sentence would address the crimes committed upon each victim on the three counts." N.T. Sentencing, 12/20/16 at 25. Palson argues this was insufficient justification for an aggravated-range sentence and, thus, an abuse of discretion.

We agree that a failure to state a reason justifying an aggravated-range sentence raises a substantial question. **Wellor**, **supra**. However, because it is unclear in this matter whether Palson's sentence actually falls in the aggravated range, we are compelled to vacate and remand for resentencing.

The presentence investigation reports states that Palson's prior record score was RFEL (repeat felon). However, in the sentencing transcript, the court agreed with Palson's counsel that, in light of Palson's prior convictions of felony robbery and conspiracy to commit robbery, his prior record score is a five (5), and not RFEL. In its opinion, however, the court states, "[t]he presentence investigation correctly determined that [Palson] is a repeat felon [RFEL][.]" **See** Trial Court Opinion, 4/17/18, at 18-19. Additionally, at the sentencing hearing, the Assistant District Attorney requested that the court

sentence Palson to 126 months' incarceration[5] for each count of drug delivery resulting in death, which is within the *standard* range of the guidelines if a prior record score is RFEL; it is within the *aggravated* range if a prior record score is 5.[6] In its opinion, the court states, "all the sentences are within the standard guidelines." *Id.* at 19. From our review of the record, we cannot discern whether the court sentenced Palson in the standard or aggravated range.

When a presentence investigation report exists and the sentence is within the standard range, we presume the court is fully informed as to the report and it need not "employ checklists or any extended or systematic definitions of their punishment procedure." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). *Cf. Commonwealth v. Scullin*, 607 A.2d 753 (Pa. Super. 1992) (if court deviates from standard guidelines it must provide statement explaining deviation). Here, while a presentence investigation report existed, the court questioned its accuracy and ultimately assigned Palson a different prior record score at the time of sentencing. If the court imposed an aggravated-range sentence, it was required to state its reasons

---

[5] The assistant district attorney requested a sentence of 126 months' incarceration to the maximum for each count consecutively.

[6] At the same time the assistant district attorney stated that this sentence was at the top of the aggravated range, the court stated that this was at the top of the standard range. However, moments before, the court stated that the prior record score was a five (5), which would render the 126 months' sentence an *aggravated* sentence. N.T Sentencing, 1/3/17, at 21.

for such.  ***See Commonwealth v. Rodda***, 723 A.2d 212, 217-18 (Pa. Super. 1999) ("If the sentence is within the aggravated range, the sentencing court is still required to state its reasons for choosing an aggravated sentence on both the record and on the Pennsylvania Commission on Sentencing Guideline Sentence Form.").  In its opinion, the trial court noted that the pre-sentence investigation was correct and the prior record score was RFEL; if that is true, the sentence was in the standard range. However, at sentencing, the court found that the presentence investigation was incorrect and accepted, on the record, the prior record score of 5.  Using the prior record score of five (5), 126 months' is an aggravated-range sentence; the court, therefore, would have been required to explain its reasons for imposing an aggravated sentence, and it failed to do so.  ***Rodda***, ***supra***.

This Court has previously held that if the trial court "erroneously calculates the starting point under the guidelines," this Court must vacate and remand for reconsideration.  ***Scullin***, 607 A.2d at 754.  Section 9781 guides our decision:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa. C.S.A. § 9781.

Because it is unclear whether the trial court used the correct prior record score, we must vacate and remand for resentencing.

Conviction affirmed; judgment of sentence vacated and remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2018