J-A08017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAUREL MICHELLE SCHLEMMER | |
| Appellant | No. 269 WDA 2018 |

Appeal from the Judgment of Sentence imposed September 13, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0008490-2015

BEFORE:   PANELLA, P.J., STABILE, and McLAUGHLIN, JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STABILE, J.:

FILED NOVEMBER 12, 2019

I agree with the Majority that Appellant is not entitled to relief on her challenges to the discretionary aspects of her sentence.  I write separately to express my disagreement with the Majority's conclusions regarding whether Appellant raised a substantial question for our review.

As noted in Commonwealth v. Mastromarino, 2 A.3d 581 (Pa. Super. 2010),

> [a] substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the [Pa. R.A.P.] 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

Id. at 585-86 (citation omitted); see also 42 Pa.C.S.A. § 9781(b).

A review of Appellant's statement of questions and Pa.R.A.P. 2119(f) statement reveals that Appellant failed "to articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." Mastromarino, supra. Indeed, Appellant's statement "simply contains incantations of statutory provisions and pronouncements of conclusions of law."[1] Commonwealth v. Bullock, 868 A.2d 516, 529 (Pa. Super. 2005). The most I can gather from Appellant's statement is a generic complaint concerning the length of the sentence due to the imposition of consecutive sentences and the failure to consider certain mitigating factors.

Regarding the imposition of consecutive sentences, it is well established that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." Moury, 992 A.2d 162, 171-72 (Pa. Super. 2010) (emphasis added); see also Commonwealth v. Dodge, 77 A.3d 1263, 1270 (Pa. Super. 2013) (a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges

_____

[1] The whole argument comes down to the following sentence: "[Appellant] contends that the sentence imposed is manifestly excessive and unreasonable since the court focused exclusively on the nature and circumstances of the crime and failed to consider the rehabilitative needs of or history, character and conditions of [Appellant]." Appellant's Brief at 11.

"if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.").  Appellant failed to explain why the instant sentence is "unduly harsh, considering the nature of the crimes and the length of imprisonment," Moury, supra, or why, the sentence, which falls within the sentencing guidelines, is "clearly unreasonable" under the circumstances. Dodge, supra.

Similarly, Appellant failed to raise a substantial question regarding the sentencing court's alleged failure to consider Appellant's advanced age at the completion of her term of imprisonment, Appellant's mental health prior to and at the time of the underlying crimes,[2] and her sincere expression of remorse as a mitigating circumstance.  This Court has held on numerous occasions that an allegation that a sentencing court failed to consider or did not adequately consider mitigating factors does not raise a substantial

_____

[2] Appellant couched her claim as one of excessiveness based on reliance on improper factors.  Specifically, Appellant argued that the sentencing court abused its discretion in treating Appellant's mental illness as an aggravating factor as opposed to a mitigating factor.  Even as couched, the claim fails to raise a substantial question as the claim is based on a one-sentence, self-proving, conclusory allegation, lacking any explanation, let alone legal support.

question for our review.  See, e.g., Commonwealth v. Wellor, 731 A.2d 152, 155 (Pa. Super. 1999).[3]

In light of the foregoing, I would conclude that Appellant failed to raise a substantial question for our review.  Nonetheless, I agree with the Majority that the trial court did not abuse its discretion in fashioning Appellant's sentence.

_____

[3] A review of Appellant's argument in support of her claim suggests that Appellant is mostly dissatisfied with the way the sentencing court handled the mitigating circumstances.  It is well established, however, that mere dissatisfaction with a sentence is not enough to trigger our jurisdiction. Moury, 992 A.2d at 175 ("court['s] refus[al] to weigh the proposed mitigating factors as [a]ppellant wished, absent more, does not raise a substantial question.").