J-S60027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHANSEL ALEXANDER JACKSON | |
| Appellant | No. 1090 MDA 2019 |

Appeal from the Judgment of Sentence imposed April 16, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0003794-2018

BEFORE: SHOGAN, STABILE, and PELLEGRINI,* JJ.

MEMORANDUM BY STABILE, J.: **FILED JANUARY 21, 2020**

Appellant, Johansel Alexander Jackson, appeals from the judgment of sentence the Court of Common Pleas of Berks County imposed on April 16, 2019. Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The factual and procedural background of the instant appeal is not disputed. Briefly,

> [o]n April 16, 2019, [Appellant] entered an open guilty plea to criminal attempt to commit criminal homicide[.][1] He was

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant and codefendant "lured the victim [] out of his home and over to them and then tried to force him in the car. When the victim ran, five shots were fired and one of them struck him in the lower back area." Trial Court Opinion, 8/1/19, at 3. Victim "still has problems sitting and walking[.] He moved because of the fear of [Appellant]'s friends creating a financial burden

sentenced to a term of twelve (12) to thirty five (35) years in the department of corrections. He was represented by Angelo Cameron, Esquire at the guilty plea and sentencing. On April 23, 2019, [Appellant] filed a pro se post sentence motion and Attorney Cameron was permitted to withdraw. On April 26, 2019, the Office of the Public Defender, Berks County, filed a perfected post sentence motion for [Appellant] asking for modification of sentence. A hearing was held on the motion on June 5, 2019 and denied on June 7, 2019. On June 27, 2019, a pro se notice of appeal was filed followed by counsel's notice of appeal on July 3, 2019. On July 16, 2019, counsel filed a [Pa.R.A.P.] 1925(b) statement.

Trial Court Opinion, 8/1/19, at 1.

On appeal, Appellant argues that the sentencing court abused its discretion in sentencing Appellant in the middle of the standard range, rather than the bottom of the standard range or in the mitigated range.

Our standard of review for challenges to the discretionary aspects of a sentence is well settled. We apply an abuse of discretion standard. Additionally, because challenges to the discretionary aspects do not entitle an appellant to appellate review as of right, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial

---

on him. The charges are of most serious nature and had a significant impact on the life of the victim and community." *Id.*

- 2 -

question that the sentence appealed from is not appropriate under the Sentencing Code. **See Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For purposes of our review, we accept that Appellant has met the first three requirements of the above test. Therefore, we must determine whether Appellant raised a substantial question. Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See, e.g., Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Appellant argues that the sentencing court abused its discretion by sentencing Appellant in the middle of the standard range, as opposed to the bottom of the standard range or in the mitigated range. Specifically, Appellant argues that the sentencing court failed to properly weigh Appellant's young age, prior record score of zero, that he requested drug and alcohol treatment, and that he completed programs with the Red Cross, Job Corps, and Emergency Management Institute. We disagree.

This Court has held on numerous occasions that an allegation that a sentencing court failed to consider or did not adequately consider mitigating factors does not raise a substantial question for our review. **See**, **e.g.**, **Commonwealth v. Wellor**, 731 A.2d 152, 155 (Pa. Super. 1999).

Appellant is essentially dissatisfied with the way the sentencing court weighed the mitigating circumstances. It is well established, however, that mere dissatisfaction with a sentence is not enough to trigger our jurisdiction. *Moury*, 992 A.2d at 175 ("court['s] refus[al] to weigh the proposed mitigating factors as [a]ppellant wished, absent more, does not raise a substantial question."). Accordingly, we conclude that Appellant failed to raise a substantial question for our review.

Even if we were to find that Appellant raised a substantial question for our review, he would not be entitled to relief.

The record shows that the sentencing court considered the pre-sentence investigation report, N.T., 4/16/19, at 19, including the mitigating circumstances identified by Appellant. Trial Court Opinion, 8/1/19, at 3-4. Indeed, after addressing Appellant's prior record score of zero, the trial court noted:

> The court considered various factors at sentencing and post sentence motion hearings. These factors included the facts of the case, the recommendation of both Commonwealth and Defense, the allocution of [Appellant], his remorse, his age, the use of intoxicating substances at the time of the offense, his background of abuse by his step-father and abandonment by his father, the family who testified on his behalf and their continued support, and his rehabilitative needs and educational goals. There is no a requirement that the balance should be on the rehabilitative needs of [Appellant] when contrasted with the punitive needs of the Commonwealth for a preplanned, premeditated attack on the victim that has significant and continuing effects on him.

*Id.*

As noted above, we review the sentence under an abuse of discretion standard.

> We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

Here, considering Appellant's argument in light of the record, we conclude that Appellant failed to show that the sentencing court abused its discretion in fashioning his sentence.

Appellant, in essence, is asking us to reweigh the mitigating circumstances and substitute our judgment for that of the sentencing court. We cannot do that. *See*, *e.g.*, *Commonwealth v. Walls*, 926 A.2d 957, 964, 966 (Pa. 2007) (appellate court may not re-weigh the significance placed on each factor by the sentencing judge); *Cook, supra*.

In light of the foregoing, we conclude that Appellant failed to raise a substantial question for our review. To the extent Appellant raised a substantial question for our review, the trial court did not abuse its discretion in fashioning Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2020