J-S03023-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LASEAN RAYMON HARDEN | : | |
| | : | |
| Appellant | : | No. 869 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 21, 2015
In the Court of Common Pleas of Somerset County Criminal Division
at No(s): CP-56-CR-0000508-2014

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                FILED FEBRUARY 06, 2020

Lasean Raymon Harden (Appellant) appeals from the judgment of sentence[1] entered in the Somerset County Court of Common Pleas, following the denial of his nunc pro tunc post-sentence motion. Appellant argues the court abused its discretion when imposing his sentence because the court did not consider mitigating circumstances. We affirm.

On April 17, 2015, Appellant pleaded guilty to possession with intent to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purported to appeal from the trial court's May 13, 2019, order denying his nunc pro tunc post-sentence motion. However, an order denying a post-sentence motion "acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions." Commonwealth v. Chamberlain, 658 A.2d 395, 397 (Pa. Super. 1995). We have amended the caption to reflect the appeal is taken from the August 21, 2015 judgment of sentence.

deliver[2] (PWID) heroin, an ungraded felony. On August 21, 2015, the Honorable Judge John Cascio imposed a sentence of 27 to 60 months' incarceration, a sentence at the higher end of the standard-range under the Sentencing Guidelines[3].

The ensuing procedural history of this case was "torturous" and set forth in a prior memorandum by this Court. See Commonwealth v. Harden, 1090 WDA 2017 (unpub. memo. at 1-3) (Pa. Super. Feb. 14, 2018). For ease of discussion, we summarize that on February 14, 2018, this Court affirmed the judgment of sentence, based on Appellant's failure to preserve his discretionary aspect of sentencing issue for appeal by not raising it in his post-sentence motion and not including a Pa.R.A.P. 2119(f) statement in his brief. See Pa.R.A.P. 2119(f) (explaining that appellant must set forth in separate section of brief concise statement of reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence).

While Appellant's appeal was pending before this Court, he filed a pro se Post Conviction Relief Act[4] (PCRA) petition on November 15, 2017. The trial court held this petition in abeyance pending the outcome of Appellant's appeal. Following this Court's disposition, the court appointed counsel on April 16, 2018 to represent Appellant. Appellant filed an amended PCRA petition

---

[2] 35 P.S. § 780-113(a)(30).

[3] We note Judge Cascio retired from the bench in December 2016 and this case was reassigned to the Honorable Judge Gregory Geary.

[4] 42 Pa.C.S. §§ 9541-9546.

on May 30, 2018, alleging ineffective assistance of counsel. On March 6, 2019 the trial court granted Appellant's amended PCRA petition and reinstated Appellant's post-sentence motion rights nunc pro tunc.

On March 15, 2019 Appellant timely filed the instant post-sentence motion, arguing: (1) his sentence should be mitigated because he has yet to have meaningful appellate review; (2) the trial court failed to recognize that trial counsel had informed him that his sentence would be 27 to 40 months; and (3) his serious health conditions, cooperation with law enforcement, and acceptance of responsibility as well as new mitigating factors such as his successful rehabilitation, compliance with parole, and gainful employment require a mitigation of the sentence imposed. Appellant's Post-Trial Motion, 3/15/19 at 2-4.

On May 13, 2019, the trial court denied Appellant's post-sentence motion. This timely appeal followed. Appellant complied with the trial court's order to file Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents one issue for our review:

> Whether the trial court erred in not reconsidering the discretionary aspects of Appellant's sentence on post-sentence review?

Appellant's Brief at 3. Appellant avers that he has yet to have meaningful appellate review of his sentence. He further contends that his sentence, at the high end of the standard-range under the Sentencing Guidelines, is excessive. Appellant also claims that the trial court failed to consider the mitigating circumstances presented at sentencing, including his serious health

conditions, cooperation with law enforcement, and acceptance of responsibility for his criminal acts. Appellant further cites post-sentence mitigating factors warranting this Court's review, such as his successful rehabilitation, parole, full compliance with the terms of his parole, and gainful employment. Appellant avers he no longer poses a safety concern to society and is now a productive functioning member of the community.

Appellant challenges the discretionary aspects of his sentence. Such a claim is not appealable as of right, but "must be considered a petition for permission to appeal." Commonwealth v. Best, 120 A.3d 329, 348 (Pa. Super. 2015) (citation omitted). Before we reach the merits of a discretionary sentencing issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

Commonwealth v. Edwards, 71 A.3d 323, 329-30 (Pa. Super. 2013) (citation omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judges' actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing courts' actions violated

the sentencing code.

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted). "An allegation that the sentencing court failed to consider certain mitigating factors generally does not . . . raise a substantial question." Id. at 171. Accord Commonwealth v. Wellor, 731 A.2d 152, 155 (Pa. Super. 1999) (stating allegation that sentencing court "failed to consider" or "did not adequately consider" mitigating factors generally does not raise substantial question).

Appellant complied with the procedural requirements for this appeal by filing a timely post-sentence motion and notice of appeal. In his appellate brief, Appellant includes a statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). See Edwards, 71 A.3d at 329-30; Appellant's Brief at 10. However, Appellant's claim that the trial court did not consider mitigating factors does not raise a substantial question invoking this Court's jurisdiction. See Moury, 992 A.2d at 170.

Moreover, even if Appellant had properly raised a substantial question, no relief would be due.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. . . .

Moury, 992 A.2d at 169-70 (citation omitted).

Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

Id at 171 (citations omitted).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation."

Id. (citations omitted).

Here, the trial court explained:

The reasons for the sentence included the contents of the presentence investigation report, that [Appellant] had two prior felony drug convictions and two additional felony drug convictions that occurred after the instant offense was committed, and the offense involved possession of a substantial amount of heroin. [N.T. Sentencing Hearing, 8/21/15 at 6-7.] The Court further found that [Appellant] presented a continued threat to the community, prior rehabilitative measures had proven ineffective, and granting [Appellant] a lesser sentence would depreciate the seriousness of his offense.

Trial Ct. Op., 10/5/19 at 1.

We presume that the trial court weighed the information in the PSI concerning Appellant's character. See Moury, 992 A.2d at 175. Judge Geary noted that Judge Cascio considered, but ultimately rejected, Appellant's mitigation claims, which included: Appellant's poor health, cooperation with law enforcement, and acceptance of responsibility for his actions. Trial Ct. Op. at 5. Judge Geary explained that he "was loathe to engage in second

guessing Judge Cascio's decision, particularly at this late date." Id. Furthermore, while the court noted that it was "unfortunate" that Appellant had not had meaningful appellate review of his sentence thus far, it found that this factor does not implicate any sentencing considerations. Id. at 6. As Judge Geary aptly noted, Appellant's assertion of new, post-sentence "mitigating" factors go to his eligibility for parole, and not any retroactive reduction of his sentence. See id. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2020