J-S21013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KASHIF NOEL | : | |
| | : | |
| Appellant | : | No. 1925 EDA 2020 |

Appeal from the PCRA Order Entered September 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007342-2016

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 24, 2022**

Kashif Noel appeals from the September 4, 2020 order denying his petition pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

On June 30, 2016, Appellant was stopped by officers of the Philadelphia Police Department while driving in the city after he was observed rolling through a stop sign.  Following a search of his vehicle, various contraband was discovered including several grams of crack cocaine, dozens of plastic baggies, and a firearm.  Following a bench trial, Appellant was convicted of possession with intent to deliver ("PWID"), persons not to possess firearms, firearm not to be carried without a license, and carrying a firearm in public in Philadelphia. The trial court sentenced him to four to eight years of imprisonment in connection with his conviction for PWID and a concurrent term of six years of

_____

[*] Retired Senior Judge assigned to the Superior Court.

probation as to firearms not to be carried without a license. No further penalties were imposed.

Appellant did not submit any post-sentence motions but he did file a timely direct appeal arguing, *inter alia*, that the trial court had imposed an excessive sentence without properly considering certain mitigating circumstances. On March 11, 2019, this Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Noel**, 215 A.3d 631 (Pa.Super. 2019) (non-precedential decision at 6). Of particular note, we held that Appellant had waived any challenge to the discretionary aspects of his sentence by failing to raise it at sentencing or file a post-sentence motion. **Id**. at 5.

On March 29, 2019, Appellant filed a timely *pro se* PCRA petition alleging that trial counsel was ineffective for failing to challenge the sentence imposed by the trial court in a post-sentence motion and, thereby, denying Appellant the opportunity to raise the issue on appeal. Thereafter, PCRA counsel was appointed and an amended, counseled PCRA petition was filed on Appellant's behalf repeating his initial allegation of ineffectiveness. The PCRA court issued notice of its intent to dismiss Appellant's amended petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving no response from Appellant, the PCRA court dismissed his petition on September 4, 2020.

On October 2, 2020, Appellant filed a timely *pro se* notice of appeal to this Court, despite still being represented by PCRA counsel.[1] The PCRA court directed counsel to file a Rule 1925(b) concise statement within twenty-one days and warned that "[a]ny issue not properly included in the [s]tatement shall be deemed waived." Order, 10/13/2020. No such statement was filed. Accordingly, the PCRA court filed a short Rule 1925(a) opinion concluding that all claims had been waived.

Since Appellant was represented by PCRA counsel at the time he was ordered and required to file his statement, we remanded for the filing of a Rule 1925(b) statement. *See Commonwealth v. Noel*, 260 A.3d 158 (Pa.Super. 2021) (unpublished judgment order at 2) (noting that in cases where a criminal defendant is represented by an attorney "remand, not waiver, results from the late filing of a statement"). Following remand, Appellant's counsel filed a statement asserting that Appellant's "trial attorney was ineffective by not raising a[n] objection to the sentence at the appropriate time thus precluding him from presenting it as an issue on appeal." Rule 1925(b) Statement, 8/4/21, at 1. The trial court filed a supplemental Rule 1925(a) opinion stating that Appellant had failed to establish the merits of his

---

[1] Although defendants typically may not engage in hybrid representation, Pa.R.Crim.P. 576(A)(4) requires that the clerk of courts accept *pro se* "written notices" for filing. Furthermore, "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]" *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa.Super. 2016).

claim. Thereafter, we directed supplemental briefing.[2] **See** Order, 10/19/21, at 1.

The case is now ripe for our disposition. Appellant has raised a single issue in his brief: "Should a new sentencing hearing be granted to [Appellant] due to the sentencing court's failure to state the reasons for the aggravated sentence as to the [PWID] charge[?]" Appellant's brief at 5. Our standard of review when considering an order dismissing a PCRA petition is "whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Williams**, 220 A.3d 1086, 1090 (Pa.Super. 2019).

As evinced by the question presented quoted above, Appellant has abandoned any argument concerning trial counsel's ineffectiveness in his brief to this Court. **See** Appellant's brief at 8-9. Instead, Appellant presents only a direct argument that the trial court erred by failing to adequately state its reasons for imposing an aggravated-range sentence upon Appellant. **Id**. However, this claim constitutes a new challenge to the discretionary aspects of Appellant's criminal sentence. **See Commonwealth v. Wellor**, 731 A.2d 152, 154 (Pa.Super. 1999). It is well-established that "[c]hallenges to the

---

[2] The Commonwealth did not file a brief in response to this order. On January 18, 2022, we granted leave for one of the attorneys for the Commonwealth to withdraw as counsel due to her employment with the Philadelphia District Attorney's Office having concluded. **See** Order, 1/18/22, at 1. However, at least one attorney for the Commonwealth remained attached to the appeal following her departure from the case.

discretionary aspects of sentencing are not cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa.Super. 2007); ***see also*** 42 Pa.C.S. § 9543(a)(2).

Based on the foregoing, we are constrained to conclude that Appellant's only issue is meritless because Appellant is not eligible for collateral relief as on a discretionary-aspects-of-sentencing claim a matter of law.[3] Thus, we discern no abuse of discretion or error of law in the PCRA court's denial of Appellant's PCRA Petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/24/2022*

---

[3] We cannot examine the effectiveness of PCRA counsel, yet, as no claim respecting his representation has yet been advanced. However, we note "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (emphasis added). We also note that, in some cases, "the first opportunity to challenge the representation of PCRA appeal counsel will not be in a petition for allowance of appeal filed in this Court, but rather in a reargument petition filed in the Superior Court." ***Bradley***, ***supra*** at 408 (Dougherty, J., concur.).