J-S41045-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL R. HOSTETLER, | : | |
| | : | |
| Appellant | : | No. 80 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 29, 2018
in the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000108-2018

BEFORE:  LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED SEPTEMBER 13, 2019**

Daniel R. Hostetler (Appellant) appeals from the judgment of sentence entered November 29, 2018, after he pleaded guilty to one count of indecent assault without consent and two counts of indecent assault with a person less than 16 years of age.   We affirm.

In early 2018, Appellant was charged with, *inter alia*, the aforementioned offenses committed against his biological daughter, M.P., which occurred between October 21, 2002, and October 20, 2006, when M.P. was a minor.[1]   On August 2, 2018, Appellant entered a guilty plea to the

---

[1] There is no guilty plea transcript in the certified record before us, which presumably sets forth a summary of the facts in this case.  However, the certified record does include the affidavit of probable cause, which contained, *inter alia*, the following facts gathered by police to support the charges filed.

> At the time of the assaults [M.P.] was between the ages of [13 and 16] years of age.  Currently, [M.P.] is an adult.  [M.P.] related

* Retired Senior Judge assigned to the Superior Court

aforesaid offenses. Sentencing was deferred to a later date pending the completion of a pre-sentence investigation (PSI) report.

On November 29, 2018, Appellant appeared before the trial court for sentencing. At the outset, the trial court determined that the two counts of indecent assault with a person less than 16 years of age merged for sentencing purposes. The trial court then sentenced Appellant to 6 to 12 months' at the remaining two counts respectively, and ordered the sentences to run consecutively to one another.

On December 6, 2018, Appellant timely filed a post-sentence motion to modify sentence, which the trial court denied the next day. *See* Post-Sentence Motion, 12/6/2018; Order, 12/7/2018. This timely-filed appeal followed,[2] wherein Appellant presents the following issue for our review.

> 1. Did the [trial] court err in sentencing [Appellant] to the top of the aggrav[ated] range on two counts of [indecent] assault where the court did not provide appropriate reasons for sentencing in the aggravated range of the guidelines?

---

[that] between those ages[, Appellant, her father,] touched her inappropriately on many occasions. [Appellant] touched her breasts and vagina above her clothes. The touching started as hugging from behind and slow[ly] running his hands across her breasts.

Affidavit of Probable Cause, 2/7/2018. After speaking to M.P., a trooper with the Pennsylvania State Police made contact with Appellant, who admitted to touching M.P.'s breasts and vagina, and stated that the touching was for his sexual arousal. *Id.*

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's Brief 6 (suggested answer and unnecessary capitalization omitted).

Appellant's sole issue on appeal challenges the discretionary aspects of his sentence.[3] Accordingly, we bear in mind the following.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

The record reflects that Appellant timely filed a notice of appeal and that Appellant preserved the issue by timely filing a post-sentence motion. Moreover, Appellant has included in his brief a statement pursuant to Pa.R.A.P 2119(f). We now turn to consider whether Appellant has presented substantial questions for our review.

---

[3] Because Appellant entered an open guilty plea as to the sentence imposed, he is not precluded from appealing the discretionary aspects of his sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his 2119(f) statement, Appellant contends the trial court erred in imposing sentences in the aggravated range,[4] without setting forth "legally sufficient grounds for [] imposing such an excessive sentence." Appellant's Brief at 11. Such a claim raises a substantial question for our review. *See Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) ("In his final issue [Wellor] claims the lower court failed to state on the record adequate reasons for imposing sentences in the aggravated range. This Court has held that such a challenge to the sentence raises a substantial question."). We address the merits of this claim mindful of the following.

> Since Appellant was sentenced within the guidelines, we may reverse only if application of the guidelines is clearly unreasonable. The [*Commonwealth v.*] *Walls*[, 926 A.2d 957

---

[4] At sentencing, it was determined that with Appellant's prior record score of zero and an offense gravity score of four for both indecent assault without consent and indecent assault with a person under 16, the standard-range sentence for both crimes is restorative sanctions to three months, with an aggravated range of three to six months' incarceration.

- 4 -

(Pa. 2007)] Court noted that the term "unreasonable," while not defined in the Sentencing Code, generally means a decision that is either irrational or not guided by sound judgment. The Court continued that the context of the term's use in section 9781 indicates that the legislature intended the concept of unreasonableness to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition.

The Supreme Court held that a sentence can be deemed unreasonable after review of the four elements contained in section 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S. § 9721(b). [Subs]ection 9721(b) states in pertinent part:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing[.]

In conclusion, our Supreme Court in *Walls* stated that when the proper standard of review is utilized, rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges.

*Commonwealth v. Macias*, 968 A.2d 773, 777 (Pa. Super. 2009) (some citations and quotation marks omitted). In reviewing the record on appeal, this Court considers:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Here, Appellant contends that the trial court abused its discretion by relying on the familial relationship that existed between Appellant and M.P. when sentencing Appellant, which Appellant avers was an "improper" factor. Appellant's Brief at 15.

> Despite Appellant's show of remorsefulness, his cooperation with law enforcement, and his lack of subsequent offense, the [trial c]ourt chose to sentence Appellant to a sentence which had a minimum which was the top of the aggravated range and a maximum which was the statutory maximum for each offense. The [trial] court's reasoning that the guidelines did not adequately take into account the familial relationship between Appellant and the victim was not an appropriate reason to impose a sentence in the aggravated range.

*Id.*

In this case, prior to sentencing, the trial court set forth the guideline ranges for each of the crimes Appellant was convicted. N.T., 11/29/2018, at 3. Furthermore, the trial court noted that it was in receipt of the PSI report and had reviewed letters it received from M.P. and "people supporting" Appellant. *Id.* at 1, 3. Moreover, the trial court heard statements made by the Commonwealth, defense counsel and Appellant, as well as listened to M.P.'s victim impact statement. *Id.* at 4-17. The trial court then stated the following.

> I've considered the sentencing guidelines and I've considered the statements of your supporters, sir. I've considered your statement and I've considered the victim's letters and the words today. This is difficult because you have to look at this from

two perspectives. You need to look at this from someone who has confessed to this years ago[5] and then you have to look at this from the victim's perspective and when you consider the protection of the public and the gravity of this offense and the life of the victim and the community and your rehabilitative needs, it becomes more difficult.

I don't think that the law or the sentencing guidelines adequately consider[] these offenses because this is an indecent assault case. An indecent assault case is a touching which can be over the clothes and that's what we have here. But what the sentencing guidelines don't consider is the fact that this was your child and we all see a young lady here, an adult, but it's difficult attempting to get into her head when she was a child, a young girl, looking for someone to protect her and that's why I think the sentencing guidelines are inadequate here because the sentencing guidelines consider indecent assault from the perspective, I think, of an adult assaulting maybe a child, maybe another adult but don't consider that child's only protection being the person who did this to her.

So I'm going to sentence in the aggravated range of sentence in this case.

*Id.* at 18-19.

Upon review, we find that the trial court took into account all necessary considerations, including but not limited to, the nature of the offenses, PSI report,[6] M.P.'s victim impact statement, Appellant's allocution, and letters it received from Appellant's supporters. Based upon the foregoing, for the

---

[5] More than a decade before police began its investigation into the abuse of M.P., Appellant "confessed" to the abuse "in front of his church" and "asked for forgiveness." N.T., 11/29/2018, at 4-5.

[6] "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016).

reasons it cited on the record, the trial court concluded that the imposition of aggravated-range sentences was appropriate. We see no abuse of discretion in this determination. *See Commonwealth v. Mouzon,* 828 A.2d 1126, 1128 (Pa. Super. 2003) (An "appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference."). *See also Commonwealth v. Melvin*, 172 A.3d 14, 21 (Pa. Super. 2017) ("To be clear, while the court must consider the guidelines, the court is also afforded broad discretion in sentencing matters, as it is in the best position to evaluate the individual circumstances before it.").

Moreover, Appellant fails to make a cognizable argument, or cite any authority to support his contention that the individual nature of the crime, such as the familial relationship shared between Appellant and M.P., was an improper factor to consider because it was already incorporated as a factor in the guidelines. *See Walls,* 926 A.2d at 967 (holding that factors of victim's precise age and victim being entrusted to defendant's care were not subsumed within sentencing guidelines and thus could justify an above-guideline sentence). *See also Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (holding a sentencing court "has wide discretion in sentencing and can, on the appropriate record and for the appropriate

reasons, consider any legal factor in imposing a sentence in the aggravated range." ).

For the foregoing reasons, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013)). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019