J-A16030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMINIQUE RAQUEIM BAINES | |
| Appellant | No. 1623 MDA 2019 |

Appeal from the Judgment of Sentence entered March 15, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003432-2015

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:         **FILED SEPTEMBER 24, 2020**

Appellant, Dominique Raqueim Baines, appeals from the judgment of sentence imposed on March 15, 2016, in the Court of Common Pleas of Dauphin County following entry of a guilty plea to, *inter alia*, third-degree murder, criminal attempt–homicide, aggravated assault, and firearms charges.[1] Appellant argues the trial court erred in denying his post-sentence motion seeking withdrawal of his guilty plea. Alternatively, he contends the trial court imposed an excessive aggregate sentence of 30 to 60 years in prison. Following review, we affirm.

Our review of the record reveals that Appellant was charged with the above-mentioned crimes stemming from events that occurred on May 16,

---

[1] 18 Pa.C.S.A. §§ 2502(c), 901(a), 2702(a)(1), 6105(a)(1), and 6106(a)(1).

2015, except that he faced a first-degree rather than third-degree murder charge. The guilty plea and sentencing transcript suggests that Appellant's jury trial was just underway on March 15, 2016, when the prosecutor advised the trial judge that Appellant intended to enter a negotiated guilty plea. Notes of Testimony, 3/15/16, at 2. Specifically, Appellant intended to plead guilty to third-degree rather than first-degree murder, and guilty to the remaining charges of criminal attempt, aggravated assault, and firearms violations. *Id.* at 2-3. As the prosecutor explained, "The negotiation, Your Honor, relates to Count 1 of the criminal information in which . . . the Commonwealth was seeking a first degree murder conviction on the criminal homicide charge[.]" *Id.* at 2.

In the course of the plea hearing, Appellant acknowledged the following underlying facts, as summarized by the prosecutor:

> On the evening of May 16th of 2015 [Appellant] did cause the death of Cordell Nash-Matthews and the serious bodily injury of Tiara Nash-Johnson in that you drew your blue and white .380 handgun and that you did shoot Cordell three times in the back and Tiara once in the arm during the course of the four shots that you shot that night; that you were, in fact carrying the gun while you were a person not to possess a firearm; and that you also did have no license to carry that firearm. Do you understand and accept as true those facts for purposes of this plea?

*Id.* at 16. Appellant responded, "Yes." *Id.*[2]

---

[2] As the trial court acknowledged, "The victim Tiara Nash-Johnson reported to police that the shooting arose out of a dispute over a $40 loan [from Nash-Johnson to Appellant]." Trial Court Memorandum and Order, 9/10/19, at 2 (citing Police Criminal Complaint, Affidavit of Probable Cause, 5/19/15). We

During the course of the hearing, the prosecutor conducted a colloquy of Appellant, including the specifics of the plea agreement and the elements of the crimes to which Appellant was pleading guilty under the agreement. *Id.* at 3-12. With respect to the voluntariness of the plea, Appellant testified that he was choosing to plead of his own free will and that no one forced him to accept the plea. *Id.* at 7-8. The following exchange then occurred:

> **Prosecutor:** And outside of the reduction from first degree to third degree murder has anything been promised to you in exchange for your plea here today?
>
> **Appellant:** No, sir.
>
> **Prosecutor:** You understand that the Judge would have the ultimate discretion in sentencing here today?
>
> **Appellant:** Yes, sir.
>
> **Prosecutor:** And knowing that[,] is it your intent voluntarily, knowingly, and intelligently to plead here today?
>
> **Appellant:** Plead guilty?
>
> **Prosecutor:** Yes.
>
> **Appellant:** Yes, sir.

*Id.* at 8.

At the conclusion of the colloquy, the trial judge stated:

> I believe [Appellant] has made a knowing and intelligent waiver of his rights to trial by Judge and jury. Any questions he's had, he's immediately indicated that he didn't understand something.

_____

note that Tiara Nash-Johnson and Cordell Nash-Matthews are sister and brother.

He looked to his attorneys for explanation. He looked even to the District Attorney to explain it. I helped in the explanation as each thing was explained to him. He was satisfied and indicated that he understood. I am satisfied that we can move forward with the plea.

*Id.* at 12-13.

The prosecutor then detailed the statutory maximums for each charge, including a 20- to 40-year statutory maximum for third-degree murder and a 20- to 40-year maximum for criminal intent to commit murder, with serious injuries. *Id.* at 13-15. Appellant then voiced his guilty plea to each of the charges. *Id.* at 17. The trial judge accepted the plea and noted:

Throughout these proceedings I've watched [Appellant]. Anytime he had a question, he asked one. It is clear to me that after discussion with his counsel and his family that he believed it was in his best interests to plead guilty to the charges as indicated by the District Attorney.

Is that correct, sir?

*Id.* at 17-18. Appellant responded, "Yes, sir." *Id.* at 18.

Appellant's counsel confirmed to the trial court that Appellant was waiving his right to a presentence investigation report and wished to be sentenced immediately. *Id.* The court then heard remarks from members of the victims' family, including victim Tiara Nash-Johnson, from Appellant's mother, and from Appellant himself. *Id.* at 19-24. The court proceeded to impose sentence, noting:

[T]his court, of course, has reviewed his record. [Appellant] has a conviction for carrying without a license and escape. He did state time for that. [He also has a juvenile adjudication for a 2008 firearm by a minor.] And the court's taken into account that he

- 4 -

entered a plea, taken responsibility, which is the first step toward rehabilitation, and I am going to take that into consideration when I sentence him, but I also have to take into consideration that this was an absolutely pointless act over $40 and that there was no reason for this to have ended up as it has which brings us here today. And I couldn't have said it any better than [Cordell's uncle] said it. The pointless violence of young people today, and whether it's over drugs, which usually is the case, or, in this case, over $40, the pointless loss of life.

*Id.* at 25 (some capitalization omitted). The court then sentenced Appellant to 20 to 40 years in prison for third-degree murder and a consecutive sentence of 10 to 20 years for criminal attempt–homicide. Appellant's aggravated assault conviction merged with the criminal intent conviction. Sentences of one to two years in prison for the two firearms convictions were ordered to run concurrently with the criminal attempt sentence, resulting in an aggregate sentence of 30 to 60 years in prison. The court also levied fines for each conviction and granted restitution. *Id.* at 26-27.

Five days later, on March 21, 2016, Appellant filed a *pro se* motion challenging the validity of his guilty plea. In that motion, Appellant asserted he "was given an open plea and promised by his Attorneys that he would recieve [*sic*] a reasonable time frame of 19 yrs to 34 yrs or below." Motion Challenging Validity of Guilty Plea, 3/21/16, at ¶ 4. Despite the "promise," he "was contraly [*sic*] given a term of years totaling 30 to 60 years in which is far beyond what was promised." *Id.* at ¶ 6. He argued his counsel "was ineffective on his behalf" for "ineffectivity in negotiating agreements with the Commonwealth and geting [*sic*] [Appellant] far beyond what was agreed in

time of 19 to 34 years or below." *Id.* at ¶ 7(a). He contended that he suffered prejudice due to counsel's performance and that manifest injustice would result if he were not permitted to withdraw his guilty plea "due to his ineffective counsel." *Id.* at ¶¶ 7-8.

Because Appellant was represented at the time he filed his *pro se* motion, the clerk of courts forwarded the filing to counsel of record. By letter dated March 22, 2016, counsel addressed the two issues mentioned in Appellant's *pro se* motion and advised Appellant she did not believe there was any legal basis for filing the motion. She also reminded Appellant of the option of filing a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

Other than filings related to amendments of restitution, there is no further activity reflected on the docket until February 3, 2017, when Appellant filed a *pro se* "Motion to Reinstate Post-sentence and Appellant Rights 'Nunc Pro Tunc.'" In that motion, Appellant indicated he wanted to pursue post-sentence rights and a direct appeal.

On March 6, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed but, subsequently, filed a motion to withdraw. The PCRA court determined that appointed PCRA counsel failed to address Appellant's claims regarding withdrawing his guilty plea and pursuing a direct appeal. Therefore, by orders entered dated April 18, 2019, the court permitted counsel to

withdraw, granted Appellant the right to file a post-sentence motion *nunc pro tunc* and to pursue a direct appeal, and appointed new PCRA counsel.

New counsel filed a post-sentence motion *nunc pro tunc* on July 17, 2019. In the motion, Appellant requested an evidentiary hearing to determine the merits of Appellant's request to withdraw his guilty plea and to pursue a direct appeal, and argued that his sentence of 30 to 60 years was excessive. In its response filed on August 19, 2019, the Commonwealth asked the court to dismiss Appellant's first claim, contending it was an ineffectiveness of counsel claim improperly presented in a post-sentence motion or on direct appeal. The Commonwealth further argued that Appellant's claim of excessive sentence should not be considered because he failed to raise a substantial question.

By order entered September 10, 2019, the trial court denied Appellant's motion. The court explained there is no basis for granting post-sentence relief when a defendant enters a knowing and intelligent guilty plea. Further, the court stated that claims of ineffectiveness were not appropriately before the court on a post-sentence motion. This timely appeal followed.[3]

---

[3] On December 4, 2019, the trial court issued a Rule 1925(a) opinion, incorporating its September 10, 2019 opinion and order, and indicating the court did not order Appellant to file a Rule 1925(b) statement in light of the court's familiarity with Appellant's claims. We remind Appellant's counsel of the requirement under Pa.R.A.P. 2111(d) to include in an appellant's brief an

Appellant asks us to consider two issues in this appeal:

1.  Did the trial court err in denying [Appellant's] post-sentence motion wherein he requested to withdraw his guilty plea?

2.  Whether the imposition of an aggregate sentence of thirty (30) to sixty (60) years incarceration was excessive given the circumstances of Appellant, Dominque Baines, when the sentence was an abuse of discretion and manifestly unreasonable as the gravity of the offense was already taken into consideration by the grading of the offense and the attendant [offense gravity score] applied to the offense, was contrary to the fundamental norms underlying the sentencing process, where more emphasis was placed on the incident than on the rehabilitative needs of [Appellant], and failed to account for mitigating factors including [Appellant's] age and acceptance of responsibility?

Appellant's Brief at 5.[4]

In his first issue, Appellant argues the trial court erred in denying his post-sentence motion to withdraw his guilty plea. Appellant argues that he "clearly did not enter a knowing, intelligent and voluntary plea and the confusion about the maximum potential sentence he faced coincides and supports his assertion that his plea counsel erroneously informed him about this ultimate sentence exposure and the amount of time he would receive." Appellant's Brief at 11.

As the trial correctly observed:

---

averment that no order to file a Rule 1925(b) statement was entered by the trial court.

[4] We note Appellant was twenty-three years old as of May 16, 2015.

> Because [Appellant's] request to withdraw his guilty plea comes before us upon his post-sentence motion, we may not consider claims that plea counsel provided ineffective assistance. "Claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013).

Trial Court Opinion, 9/10/19, at 4.[5]

Because Appellant's ineffectiveness claims were not properly before the trial court, the court limited its consideration of Appellant's first issue to whether he raised "a cognizable basis upon which to withdraw his guilty plea." **Id.**

As this Court explained in **Commonwealth v. Culsoir**, 209 A.3d 433, (Pa. Super. 2019):

> [T]he decision to allow a defendant to withdraw a plea post-sentence is a matter that rests within the sound discretion of the trial court. **See Commonwealth v. Muhammad**, 794 A.2d 378, [382] (Pa. Super. 2002). Moreover, a request to withdraw a guilty plea after sentencing is subject to higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa. Super. 2002) (citation omitted). Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." **Id.** (citation omitted). A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently. **See Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999).

---

[5] The court noted two exceptions to the prohibition against considering ineffectiveness claims on direct appeal. Neither applies here. **Id.** (citing **Commonwealth v. Harris**, 114 A.3d 1, 5-6 (Pa. Super. 2015)).

> Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. *See id.* at 790. Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements. *See Muhammad*, 794 A.2d at 384.

*Id.* at 437.

The trial court appropriately applied the above standard in its analysis.

The court determined:

> Here, although [Appellant] expresses dissatisfaction with the sentence, his plea was nothing less than voluntary, knowing and intelligent, and therefore, no manifest injustice occurred. [Appellant] acknowledged that he understood each charge to which he pled guilty, the elements of each charge, the burden of proof the Commonwealth would bear at trial, the relinquishment of the right to trial by judge or jury, and the limitations upon his appellate rights. (N.T. pp. 4-13).
>
> [Appellant] acknowledged his understanding that he was pleading guilty to a reduced charge of third degree murder from first degree murder and the court would exercise its discretion in sentencing[.]
>
> . . . .
>
> The court addressed the maximum sentence [Appellant] faced, and [Appellant] acknowledged his understanding[.]

Trial Court Opinion, 9/10/19, at 5-6, 8 (some capitalization omitted). The record, as reflected in excerpts quoted above, establishes that the trial court properly exercised its discretion in denying Appellant's motion to withdraw his guilty plea. Appellant's first issue fails.

In his second issue, Appellant presents a discretionary aspects of sentencing claim. As this Court reiterated in *Commonwealth v. Zirkle*, 107 A.3d 127 (Pa. Super. 2014):

- 10 -

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, [518] (Pa. Super. 2007) (citation omitted).

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Hoch*, 936 A.2d at 518 (citation omitted). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

*Id.* at 132 (quoting *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-66 (Pa. Super. 2014)).

In the instant case, Appellant filed a timely notice of appeal, satisfying the first prong. His brief includes a statement of reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f), satisfying the third

prong. Therefore, we limit our discussion to the second and fourth prongs, *i.e.*, whether Appellant preserved the issue in his post-sentence motion and whether Appellant presents a substantial question that his sentence is not appropriate under the Sentencing Code.

Appellant contends his sentence was excessive under the circumstances, and that the trial court "failed to state sufficient reasons, on the record, for [his] sentence," and "failed to consider Appellant's rehabilitative needs." Appellant's Brief at 8. However, Appellant does not cite any authority to support his assertion that any of the claimed bases is sufficient to invoke this Court's jurisdiction.

This Court has recognized that a failure to state sufficient reasons for a sentence on the record presents a substantial question, *see, e.g., Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) (citing *Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999)). However, Appellant did not preserve the claim at sentencing or in his post-sentence motion. Therefore, it is waived. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1043 (Pa. Super. 2013) (citing *Commonwealth v. Kittrell,* 19 A.3d 532, 538 (Pa. Super. 2011)).[6] Nevertheless, Appellant also contends the trial

---

[6] In his post-sentence motion, Appellant asserted:

> a. Seemingly little consideration was given to the character, background, and history of the defendant;

court failed to consider his rehabilitative needs. Appellant did preserve this claim in his post-sentence motion[7] as well as in his Rule 2119(f) statement, and this Court has recognized that a claimed failure to consider rehabilitative needs raises a substantial question. ***Cartrette***, 83 A.3d at 1042. Therefore, we shall consider it.

With respect to Appellant's sentence, the trial court stated, "It is beyond purview that sentencing is vested in the sound discretion of the sentencing judge." Trial Court Opinion, 9/10/19, at 10 (citing ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006); ***Commonwealth v. Smith***, 673 A.2d 893 (Pa. 1996)). Quoting ***Commonwealth v. Pasture***, 107 A.3d 21 (Pa. 2014), the court observed:

> Simply stated, the sentencing court sentences the flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

---

b. Little consideration was given to the minimum sentence necessary for the protection of the public;

c. The sentence imposed was based solely on the negative aspects of the offense without giving proper weight to the defendant's background and character; and

d. The sentence imposed does not reflect the requisite consideration for beginning the rehabilitation of the defendant.

Appellant's Post-Sentence Motion, *Nunc Pro Tunc*, 7/19/19 at ¶ 11.

[7] ***See*** n.5, Post-Sentence Motion at ¶ 11d.

- 13 -

Trial Court Opinion, 9/10/19, at 10 (quoting **Pasture**, 107 A.2d at 27) (internal citations omitted).

The trial court recognized that an appellate court employs an abuse of discretion standard when reviewing a sentencing court's decision, and considers whether a sentence is "manifestly unreasonable or the result of partiality, prejudice, bias or ill-will[.]" **Id.** at 11 (quoting **Smith**, 673 A.2d at 895). Further, an appellate court must consider the factors set forth in the Pennsylvania Sentencing Code, 42 Pa.C.S.A. § 9781(c), including the nature and circumstances of the offense, the opportunity of the trial court to observe the defendant, and the sentencing guidelines. **Id.** Moreover, the sentencing court must consider the factors set forth in 42 Pa.C.S.A. § 9721(b), including the protection of the public, gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. **Id.** (citing **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006)).

Here, the trial court explained that it imposed a sentence within statutory limits and it "properly considered the circumstances of the offense, the impact of the murder upon the victim's family and community, and [Appellant's] acceptance of responsibility for the crime." **Id.** at 11-12. The court noted that it took into account that Appellant entered a plea, "which is the first step toward rehabilitation, and I'm going to take that into consideration when I sentence him." **Id.** at 11. However, the court also acknowledged that it would consider that the murder was "an absolutely

pointless act over $40 and that there was no reason for this to have ended up as it has." *Id.*

Based on the record before us, we find the trial court properly exercised its discretion in imposing a sentence that was neither manifestly unreasonable nor the result of partiality, prejudice, bias or ill-will. Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2020