J-S04006-21
J-S04007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :
        v.                                 :
                                           :
FRED ORSON BARNES, JR.              :
                                           :
           Appellant                   :       No. 374 MDA 2020

Appeal from the Judgment of Sentence Entered January 30, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000458-2019

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :
        v.                                 :
                                           :
FRED ORSON BARNES                  :
                                           :
           Appellant                   :       No. 861 MDA 2020

Appeal from the Judgment of Sentence Entered January 30, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000459-2019

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 8, 2021**

Appellant, Fred Orson Barnes, Jr., appeals from the judgment of

sentence, entered January 30, 2020. We affirm.

The trial court aptly summarized the pertinent facts of this case:

> Appellant entered [guilty] pleas to [t]erroristic [t]hreats, 18
> Pa.C.S.A. § 2706(a)(1) [misdemeanor] 1 [at docket
> CP-08-CR-0000458-2019]; and [d]riving [u]nder the [i]nfluence
> of a [c]ontrolled [s]ubstance, 75 Pa.C.S.A. § 3802(d)(1)(i),

[ungraded misdemeanor at docket CP-08-CR-0000459-2019] on November 18, 2019. Appellant was sentenced on January 30, 2020 to a split sentence of incarceration the minimum of which is [one] month and the maximum of which is [five] months, 29 days followed by 12 months of probation for the offense of [t]erroristic [t]hreats and a sentence of incarceration the minimum of which is 72 hours and a maximum of which is [six] months for the offense of [d]riving [u]nder the [i]nfluence of a [c]ontrolled [s]ubstance. The sentences imposed were directed to run consecutively to each other as well as consecutively to a sentence imposed in the case at [CP-08-CR-0000676-2017, a new sentence imposed after the court revoked Appellant's probation on July 29, 2019. The terms of the revocation sentence directed Appellant to serve] a minimum of [three] months and a maximum of 12 months for the crime of [p]ossession of [d]rug [p]araphernalia, 35 P.S. § 780-113(a)(32), [misdemeanor].

Trial Court Opinion, 7/14/20, at 1. These appeals followed.[1]

Appellant argues that his sentence is excessive. Specifically, he contends that the trial court arrived at a "manifestly unreasonable" decision because "[a] mitigated sentence, or a sentence below the mitigated range outside of the guidelines, would not be an unreasonable sentence in these circumstances." Appellant's Brief at 9. Appellant's issue therefore implicates the discretionary aspects of sentencing. As this Court previously explained:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

---

1. Appellant's appeal from his conviction and sentence for terroristic threats is docketed with this Court at 374 MDA 2020. His appeal from his conviction and sentence for driving under the influence of a controlled substance is docketed at 861 MDA 2020. Appellant filed two notices of appeal, fulfilling his obligations pursuant to *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted). Appellant timely appealed his sentence and included a Rule 2119(f) statement. Appellant, however, failed to preserve his issue or raise a substantial question to warrant our review on the merits.

Issues not preserved in the trial court may not be pursued before this Court. **Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa. Super. 2013), *citing* Pa.R.A.P. 302(a). Challenges to the discretionary aspects of a trial court's sentence are waived unless raised at the time of sentencing or in a post-sentence motion. **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008). To confirm preservation, we look only to those documents within the certified record. **Id.**

At the time of sentencing, Appellant did not raise a discretionary sentencing challenge or any argument for a mitigated sentence. Indeed, the only argument raised by counsel for Appellant involved a presupposition of a standard range sentence. **See**, N.T. Sentencing Hearing, 1/30/20, at 2 (counsel stating, "if these are going to be in the standard range . . ."). After the trial court imposed its sentence, Appellant did not raise any challenge.

Moreover, the certified record reveals that no post-sentence motions were filed on Appellant's behalf. Therefore, in not raising a discretionary sentencing issue in the trial court, Appellant failed to preserve the issue and waived his challenge.

Even if Appellant preserved his issue for appeal, Appellant failed to raise a substantial question to invoke this Court's jurisdiction. As this Court has explained, to establish a substantial question, an "appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Cannon**, 954 A.2d 1222, 1229 (Pa. Super. 2008). It is settled that a bald assertion of sentencing errors does not constitute a substantial question. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). We have explained:

> An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. **Commonwealth v. McNabb**, 819 A.2d 54, 57 (Pa. Super. 2003). **Accord Commonwealth v. Wellor**, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question. **Compare Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).
>
> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, [868 A.2d 1198 (Pa. 2005)], *cert. denied*, [545 U.S. 1148] (2005). "In particular, the court should

refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, [546 A.2d 12, 18 (Pa. 1988)]. ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, [668 A.2d 536 (Pa. Super. 1995)], *appeal denied*, [676 A.2d 1195 (Pa. 1996)] (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Moury***, 992 A.2d, at 171.

Here, Appellant asserts that the trial court imposed an excessive sentence in light of mitigating circumstances, including that Appellant "had a [zero] prior record score at the time of sentencing, had never been convicted of a felony offense, [and] had been attending drug and alcohol counseling sessions with Trinity CASA while incarcerated in the Bradford County Correction Facility[.]" Appellant's Brief at 9. This bald assertion essentially claims that the trial court abused its discretion in fixing Appellant's punishment because it failed to consider, or failed to adequately consider, certain mitigating factors. Such contentions do not raise a substantial question to invoke our jurisdiction over discretionary sentencing challenges.

Even if Appellant had raised a substantial question and preserved his issue such that we would grant review, his appeal lacks merit. Sentencing is

a matter vested in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. ***Commonwealth v. Blount***, 207 A.3d 925, 934 (Pa. Super. 2019) (citation omitted), *appeal denied*, 218 A.3d1198 (Pa. 2019). This is not merely an error in judgment. Rather, Appellant must establish, by reference to the record, that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. ***Id.*** at 934-935.

Appellant argues for a sentence at or below the mitigated range. ***See*** Appellant's Brief at 9 (arguing such a sentence "would not be an unreasonable sentence"). However, there is no requirement for the trial court to impose the "minimum possible confinement" ***Commonwealth v. Walls***, 926 A.2d 957, 965 (Pa. 2007). Rather, the trial court need only impose a sentence consistent with concerns for public protection, gravity of the offense, and the rehabilitative needs of the defendant. ***Id.***, *citing* 42 Pa.C.S.A. § 9721(b). The trial court in this case did so. ***See*** N.T. Sentencing Hearing, 1/30/20, at 9. Contrary to Appellant's argument, the fact that a mitigated sentence could have been reasonable in this instance does not make the sentence imposed unreasonable. Appellant failed to cite anything in the record to establish that the trial court's reasoning was improper.

Moreover, the trial court conducted an exhaustive on-the-record evaluation of Appellant's presentence investigation ("PSI") report. ***See*** N.T. Sentencing Hearing, 1/30/20, at 3-4. Because the trial court had a PSI report

and evaluated it on the record, we presume that it was aware of and weighed all mitigating considerations when sentencing Appellant. ***Moury, supra***. Therefore, Appellant's claim is meritless.

Accordingly, based upon all of the foregoing, Appellant failed to preserve his issues or raise a substantial question and, thus, his petition for review of the discretionary aspects of his sentence must be denied.

Judgment of sentenced affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/08/2021